## Case No. 1,849.

### BREWER v. CALDWELL et al.

[7 Reporter, 389.] [1]

Circuit Court, S. D. New York. Nov. 18, 1878.

CONVERSION — DAMAGES — ELECTION — VALUE OR AMOUNT RECEIVED—PRINCIPAL AND AGENT.

Where an agent has converted gold-bearing bonds of his principal, the former is liable either for their value or for the amount received, and the principal may elect which he will have. Equity, having acquired jurisdiction, will give him whichever is more equitable.

Bill in equity. The facts sufficiently appear in the opinion.

WHEELER, District Judge. The defendants purchased and received certain gold-bearing bonds and coupons for and as agents of the plaintiff, to be sent to him. They did not send the bonds and coupons to him, but converted them to their own use, in violation of his right to them. For that conversion they would have been liable at common law for the value of the bonds and coupons in the ordinary currency of the country at the time of the conversion, in an action of trover founded upon the conversion, and for the amount received for them in the same currency as damages, in an action of assumpsit founded upon an implied promise to pay the amount received to the owner. As this court, as a court of equity, has acquired jurisdiction of the same subject, these defendants are liable to account for one or the other of the same sums here as shall be most in accordance with the equitable rights of the orator if there is any difference between the two sums. It does not expressly appear that the defendants did receive currency for the bonds and coupons converted, although it seems probable that they did, but it does appear what the ordinary currency value of them was at the time of the conversion. So it does not expressly appear whether there is any difference between that value and what they actually did receive. It would be equitable for the orator, as the property was converted in violation of his rights, to recover the largest sum, for he would have the right to treat them as wrong-doers, and to have an account of the damages for converting his property; or to treat them as his agents in disposing of it, and to have an account of what they received. Therefore, if either was greater than the other, he might elect to take the greatest. As it does not appear expressly but that the orator would be entitled to more if the amount re-

[1] [Reprinted by permission.]

ceived was shown, they clearly cannot have any just right to complain because the amount is not shown, nor of a degree for the value of the property at the time they took it to themselves. It is true, doubtless, as urged for the defendants, that the law recognizes two kinds of money,—the common legal tender currency and gold. When a plaintiff, by an express contract or account of some other peculiar rights, becomes entitled to a judgment or decree for a certain amount of one or the other, he may by law have it so. But there is nothing of the sort here. The defendants converted gold-bearing instruments which were property, and are liable to account for the damages as such. These damages were open and un-liquidated, liable to be assessed or computed in the common currency in which the ordinary business of the country is done, and in which, according to the law and practice of courts, such damages are commonly reckoned. And beyond this the fluctuations of the currency values of gold have been such since the time of these transactions that to reckon these damages otherwise than in the ordinary currency would be inequitable, and do manifest injustice to the plaintiff. Decree accordingly.